IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEON CARTER and KAKDA CARTER, h/w | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DORMAKABA USA INC. | : | NO. 5:20-cv-06042 |

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT DORMAKABA USA INC. IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F. R. C. P. 12 (B)(6)**

Having received plaintiffs' reply to its motion to dismiss and wishing to respond to certain of the contentions raised therein, defendant dormakaba USA Inc. ("dormakaba") submits this brief supplemental memorandum.

It is certainly true, as dormakaba acknowledged in its motion and plaintiffs revisit throughout their response, that the question of whether one is a "borrowed employee" is typically reserved for determination by the finder of fact. However, it is also true that where no *material* issues of fact are in dispute, the question can be decided as a matter of law. *See, dormakaba's initial memorandum at Page 4; Wilkinson v. K-Mart, 412 Pa. Super 434 (1992).* This is precisely such a case.

Plaintiffs attempt to disavow the allegations of their own complaint in the paragraph spanning the first two pages of their memorandum in opposition by suggesting that "the averments about the saw being under Defendant's control relate to the creation of the dangerous condition rather than bearing at all on the question … as to who controlled and/or supervised the employment of Plaintiff Deon Carter." However, the distinction they are attempting to draw simply does not exist on any reasonable reading of the complaint. The complaint alleges that the saw was "within [dormakaba's] care, custody and control, *with all actions relevant thereto being performed by*, and *being performed by persons* of [dormakaba's] selection, *at [dormakaba's] direction, per [dormakaba's] specifications, and under [dormakaba's] oversight."* Plaintiffs' complaint at Paragraph 7, emphasis added. Plaintiffs can no more seriously

contend that the operation of the saw is not an "action relevant thereto" than they can credibly argue that Mr. Carter was not one of those "performing … at [dormakaba's] direction, per [dormakaba's] specifications and under [dormakaba's] direction" while he was operating it.

The additional materials submitted in response do nothing whatsoever to create a material issue of fact.  Indeed, Mr. Carter's affidavit is far more notable for what it does not allege than for what it actually says.  Regardless of the sincerity of Mr. Carter's belief regarding his employment, the activities described in his affidavit do not amount to supervision of his actual workplace performance by Aerotek.  There is no suggestion that Aerotek trained Mr. Carter in the use of the saw in question and no suggestion that Aerotek directed him on a daily basis.  The fact that he communicated with Mr. Cannon (his supervisor at Aerotek) by telephone indicates that the supervisor was not present onsite at the dorma facility, and given that these communications only took place an average of three times per week (*Carter Affidavit, Paragraph 8),* they could not possibly have served as his ongoing instructions regarding what, when and how to perform his duties.

Deon Carter was dormakaba's borrowed employee as a matter of law, and the court should so rule.

    Respectfully submitted,

    WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP
    */s/Jonathan Dryer*
    Jonathan Dryer, Esquire
    Pa. Attorney I.D. No. 34496
    Two Commerce Square
    2001Market Street, Suite 3100
    Philadelphia, PA 19103
    215-606-3908
    215-627-2665 (fax)
    jonathan.dryer@wilsonelser.com
    Attorneys for Defendant,
    dormakaba USA Inc.

Dated: January 29, 2021

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant dormakaba USA Inc. hereby certifies that a true and correct copy of the foregoing Supplemental Memorandum of Law in Support of Motion to Dismiss was filed electronically and is available for viewing and downloading by all parties via the Court's ECF System.

By: */s/Jonathan  Dryer*  _____
         Jonathan Dryer, Esquire

Dated: January 29, 2021

1592533v.1